Jon Weiner
Jon@vameswang.com
VAMES / WANG
600 NW Fariss Road
Gresham, OR 97030
Phone: (503) 399-7001
Of Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Portland Division

| | |
|---|---|
| SALLY FLAUCHER, an individual, | Case No. |
| Plaintiff, | **COMPLAINT** |
| | **Fair Labor Standards Act (29 U.S.C. §§ 201 *et seq*.), Oregon Wage and Hour Law Failure to Pay Wages Upon Termination ORS 652.140, 150 et seq.** |
| v. | |
| OTR, INC., an Oregon Domestic Business Corporation and BONNIE HOUSTON, an individual, | |
| Defendants, | **(Demand for Jury Trial)** |

The allegations set forth herein are intended to apply to "all times relevant" regardless whether stated in the past, present, or future tense. Plaintiff alleges:

## PRELIMINARY STATEMENT

1.

Plaintiff Sally Flaucher brings this action against OTR, INC. an Oregon Business Corporation ("OTR"), and Bonnie Houston ("Houston"), an individual, under the Fair Labor Standards Act (29 U.S.C. §§ 201 *et seq.*, "FLSA") to collect unpaid wages. Plaintiff seeks unpaid overtime wages due under 29 U.S.C. §§ 207, liquidated damages, and attorney fees under 29 U.S.C. § 216(b).

2.

Plaintiff also seeks unpaid wages, penalty wages, statutory damages, and attorney fees for violations of Oregon wage and hour law under O.R.S. §§, 652.150, 652.200, and 653.055.

## JURISDICTION

3.

This Court has jurisdiction over the subject matter of this civil action pursuant to 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Plaintiff's state law claims are so closely related to her federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

## VENUE

4.

Venue is appropriate in this Court pursuant to 28 USC § 1391 because the events giving rise to this complaint occurred in Multnomah County, Oregon. Defendant OTR is an Oregon domestic business corporation with its principal place of business in Multnomah County,

Page **2** of **8** – Complaint

Oregon. Defendant Bonnie Houston, an individual, is the sole shareholder of OTR (Houston and OTR may be collectively referred to hereinafter as "Defendants").

## PARTIES

5.

Plaintiff Sally Flaucher was employed at OTR in Multnomah County, Oregon. OTR conducted regular, substantial, and sustained business activity in the State of Oregon, including but not limited to Multnomah County. OTR is an Oregon domestic business corporation. Bonnie Houston is its sole shareholder. Houston runs the business and is actively involved in all its aspects. Houston is responsible for all payroll, employee compensation, and human resource-related functions of her business.

## FACTUAL ALLEGATIONS

6.

Plaintiff Sally Flaucher was employed at OTR from August 14th, 2019 until April 16th, 2020. Sally Flaucher was compensated on an hourly basis and was not exempt from state and federal overtime provisions.

7.

During certain busy months, Plaintiff was asked by Houston to work Saturdays and Sundays to help ensure the timely release of dividend payments. In one such instance, Houston refused to pay Plaintiff for approximately twenty hours of overtime because it had allegedly not been "preapproved," Houston was aware that Plaintiff had been working overtime. In fact, Houston had often worked right alongside Plaintiff during those hours.

//

//

Page **3** of **8** – Complaint

8.

In January and February of 2020, Plaintiff was tasked with mailing 1099 Tax Forms to Defendants' clients. With approximately 9,000 1099's to distribute, this mission would have been impossible to accomplish during regular business hours. Again, even though Houston was aware that Plaintiff needed to work overtime to complete this task, Houston refused to compensate her for that time. Plaintiff estimates that her unpaid overtime hours total more than a hundred.

9.

In March 2020, Plaintiff's payroll check (dated March 13, 2020) from OTR was returned as a dishonored check due to insufficient funds. Defendants did not release a replacement check to resolve the issue until 20 days later (April 2. 2020).

10.

Per agreement between the parties, Defendants promised to reimburse Plaintiff for the costs of parking and medical expenses. On April 23, 2020, Plaintiff received her final paycheck from Defendant as well as a letter stating that the check for her parking and medical expenses would be forthcoming. However, these funds remain unpaid despite Plaintiff's multiple attempts to obtain them. These costs total two thousand and fifty-three dollars in wages due and owing upon termination of her employment. Relatedly, despite multiple requests, Defendants have also failed to provide Plaintiff with her 2020 w-2 tax form as required by law.

11.

Under the terms of her hiring agreement with Defendants, Plaintiff was to receive a five thousand dollar signing bonus payable upon termination of her employment. To date, despite several requests for payment only ten percent of that amount has been paid.

Page **4** of **8** – Complaint

## FIRST CLAIM – FAIR LABOR STANDARDS ACT VIOLATIONS

### (Overtime Wage Violations, 29 U.S.C. § 207)

### (Count 1- FLSA Violation – Against All Defendants)

12.

Plaintiff incorporates paragraphs 1 through 11 by reference. Under 29 U.S.C. § 207 of the Fair Labor Standards Act (FLSA), an employer must pay an employee who works more than 40 hours in a given workweek a "premium" rate, equal to one and one-half times her regular rate of pay, for each hour worked over 40.

13.

Defendant violated 29 U.S.C. § 207 by failing to pay Plaintiff the overtime wages to which she was entitled. Under 29 U.S.C. § 216(b), Plaintiff is entitled to damages in the amount of Plaintiff's unpaid overtime wages and an equal amount as liquidated damages. Plaintiff is entitled to costs and reasonable attorney fees pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM – FAILURE TO PAY WAGES DUE AND OWING UPON TERMINATION OF EMPLOYMENT

### (ORS 652.140, 150 et seq. – Against OTR)

14.

Plaintiff incorporates paragraphs 1 through 13 by reference. Under O.R.S. § 652.140, upon termination of employment an employee must be paid all earned unpaid wages. Although the exact deadline can vary depending upon the nature of the termination, even the longest such deadline is a matter of days. That set of alternative deadlines is dwarfed by the correlative timeline here.

Despite multiple attempts to obtain payment, including a 12-day written notice (sent 4/16/21) as contemplated under O.R.S. § 652.150, these wages remain unpaid.

15.

Defendants willfully failed to timely pay Plaintiff all of her earned unpaid wages upon termination of her employment, within the time specified in O.R.S. § 652.140. Plaintiff is entitled under O.R.S. § 652.150 to recover penalty wages in an amount equal to 240 times her hourly rate of pay, plus reasonable attorney's fees and costs under O.R.S. §§ 652.200 and 653.055.

## THIRD CLAIM – VIOLATION OF OREGON OVERTIME LAW

### (ORS 653.055; ORS 653.261 – Against OTR)

16.

Plaintiff incorporates paragraphs 1 through 15 by reference. Under O.R.S. § 653.261 and OAR 839-020-0030, an employer must pay an employee who works more than 40 hours in a given workweek an "overtime" rate, equal to one and one-half times her regular rate of pay, for each hour worked over 40.

17.

Defendants violated O.R.S. § 653.261 and OAR 839-020-0030 by failing to pay Plaintiff the overtime wages she had earned. Under O.R.S. §§ 652.200 and 653.055, Plaintiff is entitled to recover her unpaid wages, penalty wages in an amount equal to 240 times her hourly rate, and reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff demands the following for her claims for relief which is more specifically set forth under the various claims:

    1. First Claim for Relief (FLSA Overtime Violation – Against Both Defendants)

        A. Award Plaintiff such legal or equitable relief as may be appropriate to effectuate the purpose of FLSA, including without limitation, the payment of wages lost and an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b); and such other legal and equitable relief as this Court deems proper. Award Plaintiff's reasonable attorney fees and costs under 29 U.S.C. § 216(b).

    2.  Second Claim for Relief (Failure to Pay Wages Due and Upon Termination of Employment – Against OTR)

        A. Award Plaintiff civil penalties in an amount equal to 240 times Plaintiff's hourly wage pursuant to O.R.S. §§ 652.140 and 652.150; and such other legal and equitable relief as this Court deems proper. Award Plaintiff's reasonable attorney fees and costs under O.R.S. §§ 653.055 and 652.200.

//
//
//
//
//
//
//
//

Page **7** of **8** – Complaint

        VAMES / WANG
        600 NW Fariss Road
        Gresham, OR  97030

3. Third Claim for Relief (Violation of Oregon Overtime Laws – Against OTR)

    A. Award Plaintiff unpaid overtime wages pursuant to O.R.S. §§ 653.055, 653.261, OAR 839-020-0030. Award Plaintiff's penalty wages in an amount equal to 240 times Plaintiff's hourly wage pursuant to O.R.S. § 653.055; and such other legal and equitable relief as this Court deems proper. Award Plaintiff's reasonable attorney fees and costs under O.R.S. §§ 653.055 and 652.200.

DATED this 30th Day of August, 2021,

                                          */s/ Jon Weiner*
                                          Jon Weiner, OSB # 993944
                                          VAMES / WANG
                                          600 NW Fariss Road
                                          Gresham, OR 97030
                                          Tel: (503) 399-7001
                                          Fax: (503) 573-8373
                                          Of Attorneys for Plaintiffs

Page **8** of **8** – Complaint

                              VAMES / WANG
                              600 NW Fariss Road
                              Gresham, OR  97030